CASE 43—ACTION TO RECOVER MUNICIPAL TAXES—Nov. 17

# Shuck, Etc. v. City of Lebanon.

### APPEAL FROM MARION CIRCUIT COURT.

1. *Res Adjudicata*—ADJUDICATION OF TAXES FOR FORMER YEARS.—In an action for municipal taxes for the years 1892-3-4-5-6, an answer alleging an adjudication that the property sought to be subjected was agricultural land and not liable to taxation, had, in an action brought prior to the adoption of the new Constitution, is not good. The new Constitution operated to abolish the rule of law in force at the time of its adoption that purely agricultural lands lying within a municipality and deriving no benefit from the municipal government were not subject to tax.

2. RECORD—CONCLUSIVENESS OF.—As the record shows that the demurrer and answer were filed in behalf of both of the defendants and the orders of court show that they were filed by both of them, the point that only the husband was before the court, the property being the property of the wife, is not well taken.

3. MUNICIPAL TAXES—ACTION FOR—PLEADING.—In the absence of a statutory provision changing the rule, it is well settled that taxes are not debts and in an action to recover taxes the petition must state strictly each step that is required to be taken to constitute a valid assessment and levy.

4. SAME—KENTUCKY STATUTES, SECTION 3544.—In an action for the recovery of municipal taxes, if the petition fail to make profert of the tax bill pursuant to section 3544 of the Kentucky Statutes, the presumption created by that section will not be indulged.

5. SAME.—The purpose of section 3544, Kentucky Statutes, is to relax the strict rule of pleading requiring a plaintiff in an action for the recovery of municipal taxes to allege all of the steps necessary to constitute a valid assessment and levy; but that section does not dispense with the rule that it is necessary to set out the assessment of the property, the levy of taxes and that they are unpaid. Where the tax bills are filed with and made part of the petition, any mere irregularity in the assessment or levy must be pleaded as a matter of defense.

6. SAME.—The filing of the tax bill with the petition obviates the necessity of alleging that the ordinance was published as required by the charter.

7. SAME—PASSAGE OF THE ORDINANCE.—In alleging the passage of an ordinance for the levy of tax it is only necessary to state that

the ordinance was duly passed, but a copy of the ordinance should be filed with the petition; and it should be further alleged that the assessment was returned to the clerk, that he made out the tax bills for the years in suit, signed them and turned them over to the city collector.

FINLEY SHUCK FOR APPELLANT.

1. The petition was not good. It failed to allege the preliminary steps necessary to constitute a valid assessment and levy, and under section 180 of the Constitution it did not specify the purpose for which the tax was levied. No yea and nay vote, no publication of the ordinance, no notice by the tax collector that the taxes for the current year were in his hands for collection was alleged. All of these allegations were essential to make a good petition.

2. The defense that the lands were farming lands was good. The only authority for the collection of taxes was the old charter of the city of Lebanon, and under the old charter it was a good defense that lands used purely for agricultural purposes and deriving no benefit from the city government were not taxable for municipal purposes.

Citations:  Ky. Con., sec. 180; Ky. Stats., secs. 3489, 3487, 3544; Frye v. L. & B. S. R. R. Co., 2 Met., 314; Escott v. White, 10 Bush, 169; City of Louisville v. Louisville Gas. Co., 15 Ky. Law Rep., 177; Ormsby v. City of Louisville, 79 Ky., 197; Com. v. Three Forks Coal Co., 15 Ky. Law Rep., 633; Smith v. Ryan, 88 Ky., 636; Reamer v. City of Louisville, 6 Ky. Law Rep., 748; 5 Ky. Law Rep., 535, 612; 865; 79 Ky., 311; 6 Bush, 97.

H. P. COOPER FOR APPELLEE.

Upon the points relied on by appellants for reversal, counsel cited: City of Lebanon v. Bevill, 18 Ky. Law Rep., 924; Town of Russellville v. Beall, 18 Ky. Law Rep., 389; L. & N. R. R. Co. v. City of Barbourville, 20 Ky. Law Rep., 1105; City of Richmond v. Gibson, 20 Ky. Law Rep., 358; Town of Nicholasville v. Patrick, 19 Ky. Law Rep., 1415.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellee sued appellants to recover municipal taxes for the years 1892, 1893, 1894, 1895 and 1896. They demurred to the petition. Their demurrer was overruled. They then filed an answer pleading a former adjudication, in which municipal taxes sought to be collected on the same property for the years 1886, 1887, 1888, 1889, 1890

and 1891 had been adjudged not collectible, on the ground that the land was agricultural property, which, though within the city limits, received no benefits from the city government. To this answer the court sustained a demurrer, and gave judgment in favor of the city, enforcing a lien on the property for the taxes sued for.

The demurrer to the answer was properly sustained. The judgment relied on was rendered in regard to taxes levied before the adoption of the present Constitution of the State, under which all property within the corporate limits of the city may be taxed. (Pence v. City of Frankfort, 19 Ky. L. R., 721, [41 S. W., 1011].) This rule applies to all taxes levied after the Constitution took effect, whether under the old charter or the general laws passed pursuant to it for the government of cities of the fourth class, as by section 1 of the schedule all laws inconsistent with the Constitution, to this extent, became inoperative upon its adoption.

It is insisted that only appellant Finley Shuck appeared in the action, and the demurrer and answer filed must be treated as filed only by him. But they purport to be the demurrer and answer of both the defendants, and the orders of the court show that they were filed by both of them. They must, on appeal, be treated as the pleadings of both, the lower court having so treated them. The question is therefore presented whether the petition was good on demurrer against either of the defendants.

The petition shows that the property sought to be taxed belongs to the wife, appellant Hattie Shuck, and was regularly assessed in her name for each of the years sued for. The rate of taxation, and that it was duly and regularly levied by the board of the council of the city, and that the taxes are unpaid, are also alleged; but none of

the steps showing the regularity of the proceedings are set out. Independently of some statutory provision, the rule is well settled that taxes are not debts; that no person is bound to pay them unless the law in reference to their assessment and levy has been strictly complied with, and, in an action to enforce their collection, each step that is required to be taken to constitute a valid assessment and levy must be specifically pleaded. (City of Louisville v. Louisville Gas Co., 15 Ky. L. R., 177, [22 S. W., 550]; Ormsby v. City of Louisville, 79 Kentucky, 197.) Section 3543 of the Kentucky Statutes provides that, after the supervisors have corrected the assessor's lists, they shall be returned to the clerk, who shall from them make out the tax bills for *ad valorem* and head taxes for the year in the stub book to be devised by the council for that purpose, and that he shall sign and turn them over to the city collector, and take his receipt for them. Section 3544 provides that in all suits for the taxes the production of the tax bill shall be *prima facie* evidence of the correctness thereof, and that all proper steps were taken to fix the lien therefor.

The petition, however, is not so drawn as to bring the case within these provisions. It is not alleged that the tax bills were made out or signed by the clerk, or delivered to the collector, and no tax bills are filed with the petition or shown in the record. It was incumbent on the plaintiff, in order to state a cause of action, either to comply with the rule in force prior to the adoption of the statute, and set up all the facts necessary to show a right to collect the tax, or to comply with the statute, and set up the facts which it makes *prima facie* evidence of the right to recover.

It is insisted that the statute only establishes a rule of evidence, and that, as evidence will not take the place of

allegations, the same allegations must be made in a petition now that were required under the rule heretofore adopted by this court. This is true as to the essential facts which are necessary to show there was a tax in fact. The assessment of the property, the levy of the taxes, and that they are unpaid, must be alleged. The statute does not contemplate that a petition may be drawn, simply setting out the tax bill, and that it will be sufficient, without any allegation that the property was properly assessed or the taxes duly levied. But it was manifestly intended to do away with the old rule, and to obviate the necessity of setting out all the steps required to be taken by the several officers of the city in the proceeding. Under the old rule it was necessary not only to aver, but to prove on the trial, that all the steps required by law had been regularly taken. The statute expressly dispenses with the proof of all these steps, and it can serve no good purpose to cumber the record with a mass of allegations that need not be proved on the trial, although traversed. The statute must be liberally construed, with a view to promote its purposes. Its evident aim was to establish in this class of cases the presumption of official regularity generally recognized in judicial proceedings. To hold otherwise would be not only to construe the statute strictly, but to defeat the plain purpose the Legislature had in view.

If there has been any irregularity, it may be set up by way of defense; but, as the tax bill is *prima facie* evidence that these steps were taken, they need not be averred in the petition. The petition in this case was not, therefore, defective because it was not shown that the ordinance levying the tax had been published. The failure of the tax collector to publish that the taxes were in his hands for collection was immaterial, as it is admitted that appellants refused to pay for them.

In pleading the determination of an officer, it is not necessary to state the facts conferring jurisdiction. It is sufficient to state that the determination was duly given or made. (Civil Code, section 122.) Under this rule, it is only necessary, in a petition, to state that the ordinance levying the tax was duly made; but a copy of the ordinance should be filed with it. It is also sufficient to set out that the assessment was duly made. But, in addition to this, it must also be averred that the assessment was returned to the clerk; that he, from it, made out the tax bills for the year, signed them, and turned them over to the city collector. The tax bill should be pleaded according to its words or substance, as other writings, and, if to be had, should be filed with the petition. A copy of the assessment should also be filed.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.